UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZACHERY LEIST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00578-JMB |
| | ) |
| TYLER GRIFFIN, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Zachery Leist to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $1.00. Additionally, after initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within

the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 for excessive force and deliberate indifference to a serious medical need. He sues Tyler Griffin and C. James, both Patrolmen with the Crystal City Police Department, and John Doe. Plaintiff brings his claims against defendants in both their individual and official capacities.

Plaintiff states that on February 16, 2023, defendant Griffin pulled him over for driving with a revoked license. Apparently plaintiff was also suffering a methamphetamine overdose at the time. Griffin assessed the situation and drove plaintiff to Mercy Jefferson Hospital where his heart rate was reported at 125 beats per minute. Plaintiff states that he was taken to a hospital room and handcuffed to the bed for four-and-a-half hours while he was monitored. He states that during this time his heartrate reached "177 and ??? marks most of the time." Plaintiff states that "[t]he entire time patrolman Griffin stood by my bed and showed the most deliberate indifference to a serious medical need I've ever heard of."

At some point, plaintiff reached into his pocket for his phone and "went live on Facebook." When medical staff saw plaintiff's phone, they uncuffed him. Plaintiff states that the patrolmen left the room and a nurse and security guard told him that he could not record. Soon, several nurses forced plaintiff into the hallway without his shirt and shoes.

Defendants Griffin and James returned and "coerce[d] me outside. No shirt. No shoes. They tell me to walk home." By then, plaintiff's phone had a dead battery, so defendant Griffin called plaintiff's grandmother to ask her to pick him up. Plaintiff states that his grandmother would not pick him up. Then Griffin called the Festus Police Department, and an officer arrived. When

plaintiff saw the officer's body camera, he began yelling that Griffin and James were "trying to let me die." At this point, Griffin and James handcuffed plaintiff and carried him to James's patrol vehicle. James radioed a "curtesy ride," then drove plaintiff back to his own car. Plaintiff states that at some point later, he went to Mercy Hospital South for treatment.

Plaintiff does not know if doctors at Mercy Hospital South diagnosed his condition, "but heart failure and acute kidney injury I remember them saying." Plaintiff also states that he experiences PTSD and is being treated for this condition at the Jefferson County Jail, where he awaits trial on unrelated charges.

For relief, plaintiff seeks a declaration that his constitutional rights were violated. He also seeks a preliminary and permanent injunction "of some type of discipline on Tyler Griffin and C. James." Finally, he seeks compensatory damages of $15 million "because not only was I basically tortured for 5 hours and kidnapped from the hospital, I literally came closer to death than imaginable. I have organ damage and PTSD so bad I pray for relief."

**Discussion**

*(a)   Excessive Force Under the Fourth Amendment*

Although unclear, based on plaintiff's statement that he was "basically tortured for 5 hours," he seems to assert a claim of an unreasonable seizure employing excessive force in violation of the Fourth Amendment. In evaluating whether a use of force was excessive, courts "consider whether it was objectively reasonable under the circumstances" based on the perspective of a reasonable officer present at the scene. *Carpenter v. Gage*, 686 F.3d 644, 649 (8th Cir. 2012). The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers. *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

When viewed in the light most favorable to plaintiff, the facts are that plaintiff was suffering from a methamphetamine overdose during a traffic stop. Officer Griffin transported

plaintiff to the hospital where his heart rate was recorded at 125, but rose to 177 beats per minute. Plaintiff was cuffed to the hospital bed. Plaintiff might have been cuffed to the bed because he was in police custody or for his own safety; it is unclear. Regardless of why he was cuffed to the bed, he states one arm was cuffed to the bed for one hour and then both arms were cuffed to the bed for three-and-a-half hours. Despite this, the cuffs were loose enough that plaintiff could reach into his pocket to grab his cell phone and record an eight-minute Facebook live video. Plaintiff does not allege he suffered any injuries arising out of the cuffs. He does not allege the cuffs were too tight or that they caused any pain, bruising, tingling, or numbness. He does not allege that they interfered with his medical treatment. Nor does he allege that he sought to have the handcuffs removed.

Based on the facts alleged in the complaint, the Court finds plaintiff has not stated a plausible claim for excessive force. "Handcuffing inevitably involves some use of force, and it almost inevitably will result in some irritation, minor injury, or discomfort where the handcuffs are applied. To prove that the force applied was excessive in that context, therefore, a plaintiff must demonstrate something more." *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011) (citations omitted). The Eighth Circuit has stated that a harsh technique in cuffing, "where an officer grabbed plaintiff's arm, twisted it around plaintiff's back, jerking it up high to the shoulder [] was a relatively common and ordinary accepted non-excessive way to detain an arrestee." *Blazek v. City of Iowa City*, 761 F.3d 920, 925 (8th Cir. 2014) (quoting *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002)).

Here, plaintiff being cuffed to his hospital bed and monitored by Officer Griffin for four-and-a-half hours does not state a plausible claim for excessive use of force in violation of the Fourth Amendment. The Court will dismiss these claims without prejudice.

    *(b)     Deliberate Indifference to a Serious Medical Need*

Plaintiff also alleges defendant Griffin was "deliberately indifferent to [plaintiff's] serious medical needs." The Fourteenth Amendment provides at least as much protection to pretrial detainees (or an arrestee, *see Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d at 905 n.3 (8th Cir. 1999)) as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a plaintiff's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006).

To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). In other words, whether a defendant has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a defendant actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

With regard to the objective prong, a "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As to the subjective prong, a plaintiff must demonstrate that a defendant's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). In other words, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

Plaintiff's overdose on methamphetamine was an objectively serious medical need. As to the subjective prong of the deliberate indifference test, however, plaintiff has not alleged facts to establish a plausible claim that defendant's actions were so inappropriate as to rise to the level of intentional maltreatment or refusal to provide care. Defendant Griffin pulled plaintiff over and realized he was having a drug overdose. He then drove plaintiff to the hospital where he was monitored by medical personnel. Defendant, who presumably had no medical expertise, was entitled to rely on the opinions of the medical staff at the hospital regarding plaintiff's diagnosis and treatment. *See Reece v. Hale*, 58 F.4th 1027, 1032-33 (8th Cir. 2023) (finding officers entitled to qualified immunity when they sought medical attention for detainee and relied on the medical team's assessment and supervision of detainee). Defendants who lack professional medical expertise cannot be liable for a wrongful diagnostic judgment made by a physician. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).

Assuming defendant knew plaintiff was experiencing tachycardia, "recognizing that someone is sick is not the same as knowing that he is receiving inadequate care from a trained medical professional." *Reece*, 58 F.4th at 1033 (quoting *McGee v. Parsano*, 55 F.4th 563, 575 (7th Cir. 2022)). Plaintiff does not allege any affirmative acts by defendant exacerbated or worsened his condition. And he does not suggest what treatment he thought defendant should provide. Moreover, there is nothing in the complaint to suggest that plaintiff was incapable of asking medical staff for whatever care and treatment he needed. Standing alone, defendant being in the hospital room while plaintiff experienced a symptom of a drug overdose does not demonstrate actions that were so inappropriate as to evidence intentional mistreatment or refusal to provide care. For these reasons, the Court finds that plaintiff has not alleged a plausible claim for deliberate indifference. This claim will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [ECF No. 3]

An Order of Dismissal will accompany Memorandum and Order.

Dated this 10th day of May, 2024.

                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE